James H. MOOSE, Jr. *v.*
George H. MOOSE et al

80-248                                                608 S.W. 2d 3
Supreme Court of Arkansas
Opinion deliverd November 24, 1980
[Rehearing denied December 22, 1980.]

*Edward Gordon*, for appellant.

*W. P. Hamilton*, for appellees.

*Edmund M. Massey*, for appellees David and LaVonna Gregory.

JOHN I. PURTLE, Justice. The Conway County Chancery Court entered an order on February 1, 1980, directing the substitute trustee to carry out the agreement of sale of trust

property entered into April 1, 1975, by William M. Bruce, Jr., trustee, and the Gregorys as buyers. This order was entered by the chancery court in accordance with a mandate received from the Arkansas Court of Appeals. The Court of Appeals had determined the agreement of sale was valid and binding on the parties and further that it was effective on April 1, 1975. The Supreme Court of Arkansas had refused to grant certiorari on the decision by the Court of Appeals. The trial court subsequently entered an order on February 29, 1980, the substance of which was that the trust was terminated on April 1, 1975, and the proceeds of the trust estate would be distributed in the same proportion that the income from the trust had been distributed up to the date of the sale of the trust property. The court further held that William M. Bruce, Jr. had inherited his share, which was one third of the value of the trust property, prior to his death on May 9, 1975, and the said William M. Bruce, Jr. died testate leaving his surviving spouse, Miriam D. Bruce, as his sole beneficiary. The court held that Miriam D. Bruce was therefore entitled to William Bruce's one third share of the estate in accordance with the terms of the will of William M. Bruce, Jr.

On appeal it is argued that (1) the sale cannot be consummated by a successor trustee in this case; (2) the order of February 1, 1980, is erroneous because it brings about an inequitable result; (3) the doctrine of relation back does not apply in this case; and (4) the court should have found the trust continued beyond the sale of the property in question. We do not agree with appellant on any of the points argued for reversal and therefore affirm the trial court.

Mrs. Howard died in 1932 and her will set up a testamentary trust with Mrs. Ewan, one of her three children, serving as trustee during her lifetime. The corpus of the trust, which consisted of the farm in question here, could not be sold during the lifetime of Mrs. Ewan. William M. Bruce, Jr., one of Mrs. Howard's grandchildren, was to be the successor trustee with the full power to sell any or all of the assets of the trust. Mrs. Ewan died in 1962, and William M. Bruce, Jr. took over and managed the property until 1975. Mr. Bruce became aware of a terminal illness and exercised his power to sell the property. On April 1, 1975, he entered into a contract

of sale between himself as trustee and David and LaVonna Gregory. There were certain things to be performed by each of the parties in closing the sale. These items were not all completed before the death of Mr. Bruce on May 9, 1975. The heirs of Mrs. Howard filed a suit relating to the sales agreement on the trust property and the matter came eventually to the Arkansas Court of Appeals. The Court of Appeals found that the agreement entered into on April 1, 1975, between William M. Bruce, Jr., trustee, and the Gregorys was a valid and enforceable contract. Therefore, this part of the dispute is settled, and we will not discuss the validity of the contract as all issues on this are precluded by the opinion of the Court of Appeals. *Gregory, et al* v. *Moose, et al*, 266 Ark. 926, 590 S.W. 2d 665 (1979). Certiorari denied by the Supreme Court of Arkansas, 267 Ark. 86, 590 S.W. 2d 662 (1979).

When the case was returned to the Conway County Chancery Court on February 1, 1980, the chancellor ordered the terms of the sale to be immediately carried out. On February 15, 1980, the petitioners, George Howard Moose, Robert I. Moose, Union National Bank of Little Rock and Miriam D. Bruce, filed a motion in chancery court asking the court to rule that the rights of the parties had become fixed as of April 1, 1975, the date of the agreement by trustee Bruce to sell to the Gregorys. On February 29, 1980, the trial court granted the petition fixing the sale and investure of the proceeds of the state on April 1, 1975. The court further found that Miriam Bruce was the beneficiary under the will of William Bruce and was entitled to the one third of the proceeds of the trust estate as it had terminated and vested as of April 1, 1975. In other words, the court found that the transaction related back to the date of the agreement of sale.

In view of the nature of this case we will consolidate the arguments on appeal and treat them all together. This whole case revolves around the issue of whether the agreement to sell the property entered into by trustee Bruce and the Gregorys on April 1, 1975, was effective at that time for the purposes of the trust or whether it was effective in 1980 when the closing papers were finally distributed. The decision as to the effective date of sale in this case determines whether Miriam

Bruce will receive a one third interest in this estate. If it is effective at the date of the agreement of sale, Miriam Bruce would receive one third interest in the estate, James S. Moose, Jr. would receive one third, and the remaining one third would be equally divided between George H. Moose, Robert I. Moose and Clarkia Moose Turney. The last three heirs are the children of Howard Moose, deceased, and the nephews and niece of James S. Moose, Jr. On the other hand, if it is effective as of the closing date in 1980, Miriam Bruce would receive nothing, James S. Moore, Jr. would receive one half of the estate, and the other half would be divided between George H. Moose, Robert I. Moose and Clarkia Moose Turney.

The validity and enforceability of the contract has previously been established by the Arkansas Court of Appeals. We think all issues, except the effective date of the sale, have either been disposed of in prior decisions or were not timely raised in the trial court. We agree that William Bruce's powers as trustee were personal, confidential and discretionary. He had absolute power to dispose of the trust property or any party thereof. This power of sale was exercised by Mr. Bruce prior to his death. No exercise of discretion is necessary for the successor trustee to complete the terms of the sale as the only things left to be done are purely administrative matters. We think the provision in the will which controls is as follows:

> At any time after the death of Mrs. George H. Ewan the Trustee is empowered at his discretion to sell any part or all of the estate, and for said purpose the absolute fee simple title thereto is hereby vested in the said trustee in trust, and shall be absolutely binding upon all the beneficiaries named herein, and their descendants, and such conveyance shall vest an absolute title in the purchaser. Such sale by said Trustee shall operate as a termination of this trust as to all the property sold or disposed of by him, and the proceeds arising therefrom shall constitute a part of my estate and trust fund in their hands, and distributed in the same ratio as the annual income as above set forth.

We think a fair interpretation of this provision of the will enabled trustee Bruce to sell the property and such sale "shall operate as a termination of this trust as to all the property sold or disposed of by him." The plain wording of this section states that the trust has ended as to all of the property since this land was the only property included in the trust. The will further directed that the "proceeds arising therefrom shall constitute a part of my estate and trust fund in their hands, and distributed in the same ratio as the annual income as above set forth."

Although this Court had previously ruled in *Moose* v. *Moose* (February 22, 1977, not designated for publication) that the trust did not violate the rule against perpetuities and declared the trust would terminate on the death of the last surviving grandson, the court did not hold the trust could not be terminated prior to that date pursuant to provisions of the trust. Although James S. Moose, Jr., one of the named grandsons, is still alive, we hold the trust terminated when William Bruce sold the property on April 1, 1975. Therefore, the trial court made a proper determination of those who received the proceeds of the trust. We believe that the rule of equitable conversion applies in this case. The Gregorys were considered in equity as trustees of the purchase price for the vendor and William Bruce, trustee, held the property as security for the purchase price. It has been stated that where the property passes under contract a conversion operates from the time of the instrument. 27 Am. Jur. 2d Equitable Conversion § 15, Page 498. In *Turner* v. *Davis*, 41 Ark. 270 (1883), we stated:

> A person entitled to the proceeds of lands directed to be sold has no estate in the land, whatever; only an equity to be enforced against the trustee, or other person wrongfully detaining his share of the proceeds. The interest is so entirely in the nature of personal estate, that where aliens are incompetent to hold realty they may take it. There is left no such interest in the land itself as can be bound by a judgment lien or touched by an execution. *** The equitable doctrine of conversion has been fully adopted in many of the American states, and expressly repudiated in none. Arkansas is amongst those

in which it can no longer be questioned. *** There being no interest in the land, considered as land, it logically follows, that a creditor of one entitled to the proceeds, mistakes his remedy by levying upon the land itself. Everything substantive eludes his grasp. His proper course is to pursue the proceeds, and to take steps to have them realized; which is within the power of a court of equity. . . .

This case has not been overrruled, and we find no statute which changes the results of this decision.

Therefore, we agree with the trial court that William Bruce terminated the trust on April 1, 1975, when he sold the property to the Gregorys. Thereafter, the funds were held in trust for the beneficiaries as stated in the formula earlier in this opinion. Even though the money was not delivered at that time, each of the parties, the seller and the buyer, held their respective property in trust for the other until such time as the transaction was completed.

Affirmed.