Alonzo "Bo" DENTON *v.* STATE of Arkansas

CR 86-62                                        716 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered September 22, 1986
[Rehearing denied October 27, 1986.]

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was charged as an

habitual offender and convicted of possession of amphetamine or methamphetamine with intent to deliver, possession of drug paraphernalia, and felon in possession of a firearm. On these three convictions he was sentenced to 40, 25, and 12 years respectively, with the 40 and 25-year sentences to run concurrently, and the 12-year sentence to run consecutively to them. The only point presented by the appellant is that there was not substantial evidence to support the convictions. The appellee concedes there was not sufficient evidence to support the conviction of possession of amphetamine or methamphetamine with intent to deliver. We agree, and thus we modify the 40-year sentence to 10 years which is the minimum sentence for the lesser included offense of mere possession of amphetamine or methamphetamine enhanced by the appellant's ten prior felony convictions. There is sufficient evidence to support the convictions of possession of drug paraphernalia and felon in possession of a firearm. We thus affirm those convictions along with the conviction on the reduced charge of possession of amphetamine or methamphetamine.

On two occasions a police informant, Larry White, drove to the residence of the appellant with a third party, a drug suspect named Mincey. On each visit, White remained outside in the car while Mincey went inside and returned after purchasing crystal methamphetamine which was turned over to police authorities. Neither White nor the policemen who were watching from a distance saw the purchase being made. Based on the knowledge thus obtained that illegal drug sales were occurring in the appellant's house the police sought and obtained a warrant to search the Denton residence. At the time the search was conducted the residence was occupied by the appellant, his wife, and an unidentified female visitor. There was testimony that the appellant's two teenaged daughters also lived in the house with the appellant and his wife as well as another younger daughter.

The search resulted in seizure of numerous items including many plastic bags and pieces of plastic bags, some of which contained a "powder residue" of amphetamine and methamphetamine. Also seized were two pipes, described by a witness as the type used for marijuana, a number of marijuana seeds, and a jar containing a number of cigarette leavings which contained marijuana as well as an amount of substances described as the type used to "cut" drugs, a shotgun, and a high-powered rifle. The

amphetamine or methamphetamine seized was not in an amount sufficient to permit measurement of it, but was residue found in pieces of plastic bags which had been scraped.

## *1. Possession*

The appellant's argument is that he cannot be found to have been in possession of the bags containing the amphetamine residue, the drug paraphernalia, or the firearms because these items were all found in a bedroom in his house; a house shared with four other persons. For his position he cites *Watson* v. *State*, 88 Nev. 196, 495 P.2d 365 (1972), which says possession, in the sense used to say one possesses everything which may be found in one's home, is not the same as the meaning which must be ascribed to the word when it is used in a penal statute. In that case some marijuana seeds were found in a bedroom occupied by the appellant's two teenaged daughters. No other marijuana was found in the house. In the case before us now the amphetamine residue, the drug paraphernalia (with the exception of a set of scales seized from the kitchen), and the guns were found in a bedroom which could, according to evidence in the record, be fairly characterized by us as the master bedroom. Closets in that bedroom contained clothing which was described as the type which would fit the appellant and his wife.

We agree the evidence might not have been sufficient had the only evidence been that the contraband was found in some portion of a structure occupied by the appellant and others. In *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982), we reversed a conviction for possession of drugs found in a bedroom. The reversal came, in part, because there was no testimony showing whose bedroom it was, and the residence in question was occupied by several persons. However, in *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976), we held that joint occupancy coupled with "some factor . . . linking the accused with the narcotic" is sufficient. 259 Ark. at 518, 534 S.W.2d at 236.

The question thus becomes whether there is any evidence linking the appellant with the items found other than his joint occupancy of the bedroom where they were found. During the surveillance of the Denton residence which occurred before the search, Larry White, the police informant, was carrying a concealed microphone. The officers conducting the surveillance

thus were able to hear conversations between White and Mincey, the suspect who went into the home to buy the drugs. At the trial, Officer Barnett was asked by the prosecution about the occasion of the second visit to the Denton residence which occurred two days before the search. Barnett testified about conversations he heard between White and Mincey. At one point, describing what Mincey said to White, Barnett testified, "Bo asked him if he was getting these drugs for his own use or if he was taking them and reselling them." This testimony was permitted over the appellant's objection and after the court, at the appellant's request, had read AMCI 201 to the jury. That instruction told the jury essentially that before they could consider any statement made by Mincey against the appellant they would have to find beyond a reasonable doubt that Mincey and the appellant were members of a conspiracy, that the statement was made during the life of the conspiracy, and that it was made in furtherance of some purpose of the conspiracy.

The appellant has raised no issue on appeal with respect to the admissibility of Barnett's testimony, and we find his report of his electronic surveillance of the drug buy just two days before the search is sufficient to provide the link between the appellant and the contraband found in the bedroom which the evidence showed to have been jointly occupied by the appellant and his wife.

### 2. Intent to deliver

The appellee's concession that the evidence was insufficient to show possession with intent to deliver is premised on *Berry* v. *State*, 263 Ark. 446, 565 S.W.2d 418 (1978), where the appellant was arrested in possession of a bottle cap containing a mere trace of heroin. We held that, although there was other evidence that the appellant had been trafficking in drugs, "[t]he State must prove that the accused possessed a specified quantity of a particular drug with the intent to deliver that drug" [263 Ark. at 450, 565 S.W.2d at 420], and possession of a mere trace of a drug is not sufficient because it cannot be seriously argued that such a miniscule amount is held with the intent to sell it.

In *Berry* v. *State, supra,* we chose to reduce the sentence to the minimum the jury could have given for the offense of possession, and we will follow that precedent here. The penalty

for possession of a schedule II substance is that applicable to a Class C felony. Ark. Stat. Ann. § 82-2617(c) (Supp. 1985). For a Class C felony, one who has previously been convicted of four or more felonies may be sentenced to imprisonment for not less than ten nor more than thirty years. Ark. Stat. Ann. § 41-1001(2)(d) (Supp. 1985). We therefore modify the 40-year sentence by reducing it to a sentence to 10 years to run concurrently with the 25-year sentence for possession of drug paraphernalia. The 12-year sentence for felon in possession of a firearm will be served consecutively to the other two sentences.

The judgment is affirmed as modified, and the case is remanded to the circuit court for the entry of an appropriate order.