Rodney Lamont HARRIS *v.* STATE of Arkansas

CR 90-104                                              795 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered September 17, 1990

*William R. Simpson, Jr.*, Public Defender, and *Howard Koopman*, Deputy Public Defender, by: *William M. Brown*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant, Rodney Lamont Harris, seeks a reversal of his conviction on charges of aggravated robbery and theft of property of a value in excess of $2,500. The convictions resulted in sentences of forty years and thirty years, to run consecutively.

The appeal is totally without merit, and we affirm.

Testimony at trial established that the appellant, having wrapped a shirt around a comb, represented to Melinda Agar, the owner of a business, that he was holding a gun. The appellant then demanded Agar's car keys and the money from the shop's cash register. The appellant took the money, amounting to $534, and drove away in Agar's Nissan Maxima automobile. Some ten days later, following police pursuit, the automobile was wrecked. At trial it was established that the automobile had a value in excess of $2,500. The jury found the appellant guilty of both aggravated robbery and theft of property in excess of $2,500, and sentenced him as an habitual offender.

The appellant gave a lengthy statement to the police shortly after his arrest, which detailed his commission of the crimes and discussed other instances of theft. The state elected not to introduce the statement but relied instead on the testimony of the

victim and the police officers.

The appellant attempted to introduce the statement into evidence in lieu of taking the witness stand to testify in his own behalf. The trial court did not permit the introduction of the statement by the defendant. The sole issue on this appeal is the somewhat convoluted argument that the defendant, by choosing not to take the witness stand, became "unavailable" and that his statement was therefore admissible as an exception to the hearsay rule pursuant to A.R.E. Rule 804(b)(5).

The appellant argues, with a sort of Wonderland logic, that his Fifth Amendment rights were violated because his refusal to take the witness stand — an assertion of those constitutional rights — rendered him "clearly unavailable as a declarant as required under the Arkansas Uniform Rules of Evidence 804." Therefore, he reasons, his statement should have been admitted. This is a novel strategy which, if it had merit, would prove a bonanza for any number of criminal defendants wishing to get their exculpatory statements to the jury without exposing themselves to cross-examination by taking the witness stand. The position of the appellant is totally without any merit.

A point of major concern in this case is the fact that the appellant seeks a reversal dependent upon a statement which he has not abstracted. A failure to abstract such a critical document precludes the court from considering the statement or its contents for any purpose. As we stated in *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989): "It is fundamental that the record on appeal is confined to that which is abstracted." *See also Richardson* v. *State*, 283 Ark. 82, 671 S.W.2d 164 (1984).

Affirmed.