Cleveland BAILEY *v.* STATE of Arkansas

CR 91-186                                              821 S.W.2d 28

Supreme Court of Arkansas
Opinion delivered December 23, 1991

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of possession of a controlled substance with intent to deliver and of possession of drug paraphernalia. He appeals and argues that the evidence at trial was insufficient to sustain the verdict. There is no merit in the argument and, accordingly, we affirm.

Appellant and his co-defendant, Tiffany Mitchell, were arrested when police searched the house they were occupying and found drugs and drug paraphernalia. The testimony introduced at appellant's trial is as follows. Three police officers went to the residence located at 320 North Laurel in North Little Rock pursuant to a search warrant. They first knocked on the kitchen door and loudly announced themselves as police officers. A voice, that one officer recognizes as appellant's, responded, "Who is it? Just a minute." This phrase was repeated several times with the speaker's voice getting fainter, sounding as if he were moving towards the back of the house. The officer testified he also heard footsteps which sounded like a large man running in the house. Appellant is a large man. An officer heard movement in the bathroom area. At that time the officers burst in the residence and found appellant in bed attempting to pull a sheet up over himself and found Tiffany Mitchell hiding in the bedroom closet. They found twenty-one (21) rocks of crack cocaine in the bathtub and on the floor around the toilet and three (3) razor blades containing traces of cocaine on the kitchen table and cabinet.

Various documents were found in the drawers of, and on top of, a dresser, and inside appellant's briefcase. Several of the documents, including a letter written to appellant and his car insurance policy, reflected that his address was 320 North Laurel. Other documents found indicated appellant's address was elsewhere, and two (2) documents listed a Rehema Settles as residing at 320 N. Laurel.

The State proved additional facts which linked appellant to the address: When police conducted the search, they found a

small dog, which appellant identified as his. In addition, the bedroom closets were full of men's clothing, and the police testified they saw no women's clothing in the closets. The clothes appeared to be appellant's size. An officer testified that a "buy" of cocaine by a confidential informant had taken place at 320 North Laurel approximately three (3) hours prior to the search. Additionally, the officer observed appellant going into the residence shortly before the buy took place. This officer also testified that he had participated in surveillance of the residence for a year prior to the search and had observed appellant at the residence on a regular basis. Testimony was given by a utility bill collector that he had gone to 320 North Laurel in mid-afternoon of the day of the search to collect the electric bill which was due for that address, and that appellant was there and paid the bill.

Appellant and co-defendant Mitchell both testified. Appellant testified that he was purchasing the duplex located at 320 and 322 North Laurel, but that 320 was rented to a Rehema Settles at the time of the search. Appellant claimed he knew nothing about the drugs. Both appellant and co-defendant Mitchell stated that, at the time of their arrest, they had just returned from a week-long trip to New Orleans and had been in the duplex only a few hours before the search occurred. They testified that they had picked up the key to that side of the duplex from Rehema Settles on their way back into town. Mitchell testified that neither she nor appellant had used the bathroom while they had been there. Appellant testified that he lived elsewhere.

In reviewing the sufficiency of the evidence, this court reviews the evidence in the light most favorable to the appellee and affirms the verdict if there is substantial evidence to support it. *Lewis v. State*, 295 Ark. 499, 749 S.W.2d 672 (1988). Substantial evidence is defined as evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resorting to speculation or conjecture. *Jones v. State*, 269 Ark. 19, 598 S.W.2d 748 (1980).

In order to prove a defendant is in possession of a controlled substance, constructive possession is sufficient. *Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Neither exclusive nor actual, physical possession of a controlled substance

is necessary to sustain a charge. *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976). Constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the accused, or when it is in the joint control of the accused and another. *Osborne, supra.* However, joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id. See also Embry* v. *State*, 302 Ark. 608, 792 S.W.2d 318 (1990). In *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988), we announced that, in addition to joint occupancy, the State must show additional facts and circumstances indicating the accused's knowledge and control of contraband.

Using the foregoing factors, there was sufficient evidence of constructive possession of the drugs and drug paraphernalia in this case. There was substantial evidence from which the finder of fact could have found that appellant had an ownership interest in the duplex, lived there, and was present when the search was conducted. His voice was initially heard at the front of the house, which was near the kitchen. The razor blades with traces of cocaine were found in the kitchen. There was evidence that an officer heard footsteps and could tell that appellant ran toward the back of the house where the bedroom and bathroom were located. Drugs were discovered in the bathroom area, and appellant was found in the bedroom. Such evidence is circumstantial evidence from which the finder of fact could have concluded that appellant was attempting to dispose of the drugs in the bathroom when the police broke in and thus had knowledge and control of contraband.

Affirmed.

HOLT, C.J., not participating.