Bryson JACOBS *v.* STATE of Arkansas

CR 93-1137

878 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered July 5, 1994

456

*Larry W. Horton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Bryson Jacobs appeals from convictions of two counts of delivery of a controlled substance, two counts of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and being a felon in possession of a firearm. He was sentenced to 116 years imprisonment and a $120,000 fine. Mr. Jacobs contends the Trial Court erred by (1) denying his motion for a directed verdict, (2) refusing to admit into evidence the deposition of co-defendant, Sharlene Wilson, which contained exculpatory statements, (3) refusing to suppress evidence obtained pursuant to a search warrant, (4) admitting the testimony of a witness not listed by the prosecution to testify, (5) instructing the jury on accomplice liability, and (6) denying motions for severance of the charges for trial and for a continuance. There was no reversible error, and the judgment is affirmed.

From the evidence presented, the jury could have concluded that Sharlene Wilson, who was Bryson Jacobs' girlfriend, sold drugs from her home in Malvern. In November 1992 the Seventh Judicial District Drug Task force began investigating Ms. Wilson and, through a confidential informant, purchased drugs from her on three occasions.

The first purchase took place November 22, 1993, when Joann Potts, the confidential informant, went to Ms. Wilson's home to purchase marijuana. Ms. Wilson and Mr. Jacobs were present during the transaction. Ms. Wilson weighed the marijuana

and sold it to Ms. Potts for $70. Mr. Jacobs made change for Ms. Potts' $100 bill.

The next transaction occurred the following evening when Ms. Potts returned to Ms. Wilson's home to purchase methamphetamine. Mr. Jacobs again was present during the transaction and told Ms. Potts the drugs were really potent "good stuff" and not to use too much.

The final transaction took place December 30, 1992, when Ms. Potts phoned Ms. Wilson's home to arrange another buy. Ms. Wilson was not at home, but Mr. Jacobs talked to Ms. Potts and told her there were drugs for sale. Ms. Potts called back and arranged a sale of marijuana with Ms. Wilson at a local convenience store parking lot.

Based on these transactions, the Drug Task Force obtained a warrant and searched Ms. Wilson's home on December 31, 1992. During the search they arrested her and Mr. Jacobs and seized various quantities of marijuana and methamphetamine as well as syringes, a smoking pipe, and scales. Firearms also were found, including a pistol which was within Mr. Jacobs' reach when the officers entered. Also several articles of men's clothing and toiletries were found in a bedroom.

Ms. Wilson and Mr. Jacobs were charged with two counts of delivery of a controlled substance for the November 22 and 23 transactions. In a separate information, based on the evidence obtained in the search, they were charged with two counts of possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Mr. Jacobs was additionally charged with being a felon in possession of a firearm. These charges formed the bases of Mr. Jacobs' convictions for which he was tried separately from Ms. Wilson and from which he now appeals.

### 1. Directed verdict motion

■■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Coleman* v. *State*, 314 Ark. 143, 860 S.W.2d 747 (1993). The question on review is whether there was substantial evidence to support the verdict. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). Substantial evidence is "evidence that is of sufficient certainty and precision to compel a

conclusion one way or another, forcing or inducing the mind to pass beyond suspicion or conjecture." *Cigainero* v. *State*, 310 Ark. 504, 838 S.W.2d 361 (1992). In determining whether substantial evidence exists, we review the evidence in a light most favorable to the appellee. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Mr. Jacobs contends there was insufficient evidence for the jury to return a conviction on any of the charges against him.

### a. Delivery of drugs

The evidence recited above showed he played a role in the two illegal drug transactions with which he was charged. According to Ark. Code Ann. § 5-2-403(a),

A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:

(1) Solicits, advises, encourages, or coerces the other person to commit it; or

(2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it;

\* \* \*

Given Mr. Jacobs presence and his willingness to make change and comment on the quality of the drugs being purchased it is apparent he was aiding or attempting to aid in the consummation of the sales. The evidence thus was sufficient to show he was an accomplice of Ms. Wilson.

### b. Possession of drugs, paraphernalia

With respect to the charges of possession of a controlled substance with intent to deliver and drug paraphernalia, Mr. Jacobs contends there was no evidence presented at trial linking him to any of the items seized at Ms. Wilson's home.

Actual or physical possession is not required to prove guilt of possession of a controlled substance. Constructive possession is sufficient and can be implied when the controlled substance is in joint possession of the accused and another. *Hendrickson* v. *State*, 316 Ark. 182, 871 S.W.2d 362 (1994). Joint

occupancy of a residence, though, is not sufficient by itself to establish joint possession. The State must show additional facts or circumstances indicating the accused had knowledge and control of the controlled substance. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991).

■ · The evidence presented, when considered altogether, was sufficient for the jury to conclude Mr. Jacobs was in joint possession of the drugs and drug paraphernalia seized at Ms. Wilson's home. The evidence indicated that Mr. Jacobs was a regular fixture at Wilson's home. He was at the house each time Ms. Potts purchased drugs, as well as when the house was raided by the Drug Task Force. Drug Task Force officers further testified the truck Mr. Jacobs drove was consistently seen parked at Ms. Wilson's home during their investigation. Further, the testimony of Drug Task Force officials and Joann Potts concerning Mr. Jacobs' involvement with Ms. Wilson's drug trade sufficiently proved that Mr. Jacobs had knowledge of the items found in Ms. Wilson's home. The testimony that Mr. Jacobs had commented on the quality of the methamphetamine being sold and that he had, on one occasion, offered a marijuana cigarette to Ms. Potts sufficiently proved that he and Ms. Wilson had joint access and joint control of the contraband seized.

### c. Possession of firearm

Mr. Jacobs' argument that there was insufficient evidence to prove that he was a felon in possession of a firearm is not preserved for appeal. The trial was bifurcated, so the evidence introduced with respect to this charge was presented after the jury returned guilty verdicts on the other charges.

■ Mr. Jacobs did not renew his motion for a directed verdict on the firearm charge at the close of the evidence. We have consistently stated a defendant must renew his motion for directed verdict at the close of the evidence presented against him. *See Coleman* v. *State, supra.*

### 2. Admissibility of deposition

Mr. Jacobs attempted to introduce into evidence a deposition given by Sharlene Wilson. This deposition was a sworn statement recorded by a court reporter at Mr. Jacobs' attorney's office.

At the time the statement was taken, Ms. Wilson was not represented by an attorney, and no one from the prosecutor's office was present. Ms. Wilson stated that Mr. Jacobs was out of town when the first two drug transactions with Ms. Potts took place and that all the drugs seized belonged to her and not to Mr. Jacobs.

Ms. Wilson refused to testify at Mr. Jacobs' trial, invoking her Fifth Amendment rights. Despite Ms. Wilson's consequent "unavailability," the Trial Court refused to admit the deposition, thus rejecting Mr. Jacobs' argument that the deposition was admissible hearsay under either Ark. R. Evid. 804(b)(1) or 804(b)(3).

In reviewing a Trial Court's ruling on the admissibility of evidence, we will not reverse absent an abuse of discretion. *Sanders* v. *State*, 305 Ark. 112, 805 S.W.2d 953 (1991).

Arkansas Rule of Evidence 804(b) provides that certain items of evidence are not excluded by the hearsay rule. One such item is former testimony described as follows in subsection (1):

> Former testimony. Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Rule 804(b)(3) makes a similar exception for a statement against interest. That subsection provides this definition:

> Statement against interest. A statement which at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offering to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

 Based on these rules, it does not appear the Trial Court erred in its decision not to admit Ms. Wilson's deposition. Considering Rule 804(b)(1), we note that Ms. Wilson's statement was not made in compliance with the law. Arkansas R. Crim. P. 19 makes no provision for the taking of depositions in a criminal proceeding. Depositions in civil proceedings are taken pursuant to Ark. R. Civ. P. 27, which requires notice to adverse parties in a manner provided by Ark. R. Civ. P. 4. Even if there were some authority to permit this kind of discovery in a criminal proceeding by analogy to Ark. R. Civ. P. 27, we would have to reject this particular deposition in view of the lack of record notice to the prosecution.

 With respect to Rule 804(b)(3), Mr. Jacobs offered the Trial Court no corroborating circumstances to indicate the trustworthiness of Ms. Wilson's statement. If the Trial Court had admitted the deposition, it would have given Mr. Jacobs the benefit of Ms. Wilson's testimony while allowing her to invoke the Fifth Amendment to prevent any cross-examination by the State. That would be an unacceptable use of the Fifth Amendment because it would permit defendants to introduce unchallengeable exculpatory statements, and that would not be fair. *See Harris* v. *State*, 303 Ark. 233, 795 S.W.2d 55 (1990).

### 3. Suppression of items seized

Mr. Jacobs next argues the Trial Court erred by not suppressing the evidence against him obtained through the search warrant. Mr. Jacobs contends the warrant was obtained in violation of Ark. R. Crim. P. 13.1, that no return for the warrant was placed in the prosecutor's file, and that there was no evidence presented linking him with any items seized at Ms. Wilson's home. We have addressed in part *1.b.* of this opinion the evidence linking Mr. Jacobs to the items found and need not do so again.

### a. Rule 13.1

Mr. Jacobs' brief cites the part of Ark. R. Crim. P. 13.1(c), which states a judicial officer acting on an application for a search warrant may examine witnesses on oath and "shall make and keep a fair written summary of the proceedings and the testimony taken before him. . . ." Mr. Jacobs contends this provision

was not complied with as the record does not indicate any sworn testimony was presented with the application for the search warrant.

 Rule 13.1(b) makes it clear that a search warrant need not be based upon testimony taken before a judicial officer but may be based upon an affidavit presented to him or her as was done in this case. There was thus no testimony to be recorded, nor was there any need for such testimony to comply with the Rule.

### b. Warrant return

 Mr. Jacobs also argues no return of the search warrant was placed in the prosecutor's file. The record does contain a return of the search warrant, signed and dated by the Trial Court within the time required on the face of the warrant. If the return was not in the prosecutor's file, it should have been there. We note, however, that there was nothing to prevent Mr. Jacobs from inquiring, as a part of his preparation for the trial, as to the whereabouts of the return if it had been a matter of concern to him, and he has demonstrated no prejudice resulting from his inability to peruse the return prior to the trial. *See Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994).

### 4. Testimony of Roger Walls

Mr. Jacobs next argues the Trial Court erred in admitting the testimony of Roger Walls. Apparently in response to Mr. Jacobs' attempt to prove he did not reside at Ms. Wilson's home, and thus could not be shown to be in constructive possession of the contraband found there, Mr. Walls testified that when he searched Ms. Wilson's home he found men's toiletries and clothing in the bedroom. The toiletry items were so situated on night stands on either side of a bed as to lead him to conclude that a male person occupied the bedroom with Ms. Wilson.

Mr. Jacobs argues the testimony was inadmissible because Mr. Walls was present in the courtroom the first day of trial, in violation of Ark. R. Evid. 615, and that he was not listed as a witness by the State in accordance with Ark. R. Crim. P. 17.1.

## a. Rule 615

■ Arkansas R. Evid. 615 allows a party to request the Trial Court to exclude witnesses from the courtroom so they cannot hear the testimony of other witnesses. Although Mr. Jacobs argues Mr. Walls' testimony violates the Rule, the record does not indicate the Trial Court was requested to invoke the Rule on the first day of trial when Mr. Walls was present in the courtroom. The Rule thus provides no basis for exclusion of the testimony.

## b. Rule 17.1

■ Arkansas R. Crim. P. 17.1(a)(1) requires the State to notify a defendant of the names and addresses of its witnesses. Mr. Walls, who was a member of the drug task force which conducted the search of Ms. Wilson's home, was not listed but was called by the State to testify in the rebuttal portion of its case. Unless the witness whose name is omitted from the State's list is a true rebuttal witness, which Mr. Walls probably was not, such an omission is reversible error if it results in unfair prejudice to the accused. *Birchett* v. *State*, 289 Ark. 16, 708 S.W.2d 625 (1986).

Mr. Walls was present during the search of Ms. Wilson's home, and his name appeared frequently in the prosecutor's file to which Mr. Jacobs had access. Further, when the State informed the Trial Court of the substance of Mr. Walls' testimony, Mr. Jacobs' attorney responded, "This is just redundant testimony, Judge. They've already got that in."

*Lewis* v. *State*, 309 Ark. 392, 831 S.W.2d 145 (1992), presented a similar situation. There, the names of the two witnesses who testified on behalf of the State were in the prosecutor's file along with some 20 others. We said:

> Lewis, though, has failed to show how he was prejudiced by any discovery lapses on the prosecutor's part. From the reports delivered to Lewis in advance of trial, it was obvious that the crux of the state's case would be the testimony of the investigating officer and the state chemist [the two who testified]. Failure to list these two witnesses on a separate prospective witness list did not prejudice the

defense when the defense had access to their names and the reports, and the witnesses testified to matters in those reports. *See Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992). This argument has no merit.

Not only was Mr. Walls' participation in the search known to Mr. Jacobs through the prosecutor's file, Mr. Jacobs' counsel had examined Mr. Walls concerning the arrest of Mr. Jacobs during testimony presented in a pre-trial hearing. We thus cannot say any surprise or other unfair prejudice resulted from the State's failure to list Mr. Walls as a witness, especially if Mr. Walls' testimony was, as characterized by Mr. Jacobs' counsel, merely redundant.

## 5. *Jury instruction on accomplice liability*

Mr. Jacobs next contends it was error for the Trial Court to instruct the jury on accomplice liability. He argues he was not charged as an accomplice and it violates his due process rights to convict him of a crime with which he was not charged. We rejected that argument in *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979).

## 6. *Motion to quash information*

Mr. Jacobs next argues the Trial Court erred by not granting his motion to quash the information against him for two counts of delivery of a controlled substance. He contends the information was improperly based on the affidavit of John Garner, the supervisor of the Drug Task Force. Arkansas Code Ann. § 16-85-302 does not require that an information be accompanied by an affidavit. Mr. Jacobs cites no authority to support his argument, thus we see no reason to address it further. *See Franklin* v. *State*, 314 Ark. 329, 863 S.W.2d 268 (1993).

## 7. *Motion to sever*

Mr. Jacobs next argues the Trial Court erred by not granting his motion to sever the offenses against him. This issue is not preserved for appeal. Arkansas R. Crim. P. 22.1(b) requires a defendant to renew his motion for severance at the close of all evidence. The record indicates that at the close of trial Mr. Jacobs' attorney stated, "I renew all motions, including motion for directed verdict." This attempted renewal of motions, couched in such

general terms, was insufficient. *See Wynn* v. *State*, 316 Ark. 414, 871 S.W.2d 593 (1994).

### 8. Motion for continuance

Mr. Jacobs argues the Trial Court erred by not granting his motion for a continuance sought upon learning the State failed to supply him with the list of items submitted to the State Crime Laboratory until just prior to trial. The State responded that the list was sent to Mr. Jacobs' attorney the same day it was received by the prosecutor. The Trial Court concluded the delay did not unfairly prejudice Mr. Jacobs.

A Trial Court's decision to deny a motion for a continuance will not be overturned absent an abuse of discretion. *See* Ark. R. Crim. P. 27.3; *Golden* v. *State*, 265 Ark. 99, 576 S.W.2d 955 (1979). An appellant must show prejudice before this Court will overturn the Trial Court's decision. *Burton* v. *State*, 314 Ark. 317, 862 S.W.2d 252 (1993).

Mr. Jacobs argues, as he did to the Trial Court, there were "items missing" on the crime laboratory report which might have been exculpatory. The Trial Court responded that he did not understand the objection and thus it was denied.

Mr. Jacobs does not suggest what the missing items might have been or how he was prejudiced by the introduction into evidence of items listed as having been analyzed by the State Crime Laboratory. We cannot say there was an abuse of discretion in the Trial Court's decision not to grant the motion for a continuance.

Affirmed.