Michael WHITE *v.* STATE of Arkansas

CA CR 93-1117                              886 S.W.2d 876

Court of Appeals of Arkansas
En Banc
Opinion delivered November 9, 1994

128

Page & Thrailkill, Attorneys, P.A., by: *Patricia A. Page*; and *Henry C. Morris*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellants, Michael White and Virginia White, were convicted by a jury of possession of marijuana, possession of drug paraphernalia, and possession of an illicit whiskey still. On appeal, appellants argue that the trial court erred in denying their motion to suppress the fruits of an illegal search and that the evidence was insufficient to support their convictions. We disagree and affirm.

The record reflects that a search warrant was executed for appellants' residence. During the search, police collected marijuana, "roaches," roach clips, and rolling paper. A whiskey still with copper tubing attached was also found in the basement. Part of the still was sitting on a propane burner. In addition, a fifty-five-gallon drum of mash was found behind the residence.

Appellant, Michael White, was at work when the search of his home was conducted, and he was later arrested by police. Appellant, Virginia White, was at home at the time the search was conducted. Virginia was arrested at the residence without a warrant and admitted that the marijuana was hers. Both appellants were tried and convicted.

We first address Michael White's challenges to the sufficiency of the evidence with regard to the convictions for possession of drug paraphernalia; possession of a controlled substance; and possession of an illicit whiskey still.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the state. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991). We must affirm if there is substantial evidence to support the verdict. Substantial evidence is evidence that is forceful enough to compel a conclusion that goes beyond speculation or conjecture. *Hendrickson* v. *State*, 316 Ark. 182, 871 S.W.2d 362 (1994).

Michael White's argument regarding the marijuana, drug paraphernalia and whiskey still is that since he was not in actual physical possession of any of those items, the convictions may not stand. He contends that his possession was merely constructive and that when a conviction is based on constructive possession, factors other than mere joint occupancy of a residence must be shown to link the accused to the contraband.

Neither exclusive nor actual physical possession of a controlled substance is necessary to sustain a conviction. Constructive possession is sufficient. Constructive possession can be inferred when the controlled substance is in the joint control of the accused and another. However, joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. The state must show additional facts and circumstances indicating the accused's knowledge and control of the contraband. *Bridges* v. *State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994). Such control and knowledge may be inferred from the circumstances where there are additional factors linking the accused to the contraband. *Nichols* v. *State*, 306 Ark. 417, 815 S.W.2d 382 (1991).

The record discloses that marijuana and drug paraphernalia were found in the closet of the appellants' master bedroom, appellant Virginia White's purse, and a jacket. Officer Bill Nelson testified to the items that were found in appellants' residence. He listed, among other things, marijuana, assorted rolling papers, roach clips, two homemade bongs with residue and over fourteen hundred marijuana seeds.

Deputy Randy Gibbins testified that he found twelve individually wrapped bags of marijuana, a Crown Royal bag which contained baggies and marijuana seeds, and a set of scales in the closet of the master bedroom. He said that a strong odor of marijuana was coming from the closet. The evidence also indicates that this closet did not have doors.

Officer Tommy Hubbard testified that it appeared that both of the appellants' clothes were in the master bedroom. Officer Bill Nelson also testified that neither of the appellants had private bedrooms and there was no indication that only one of them was exclusively using a certain portion of the house.

Virginia White testified that the marijuana and drug paraphernalia were hers. She said that Michael did not smoke marijuana, but that he, nevertheless, allowed her to smoke it. She also testified that Michael would become angry with her if she smoked too much.

With regard to the whiskey still, Virginia White testified that the still was Michael's. According to Virginia, Michael borrowed it so he could cook off mash to give to their "dear" friends. She said they thought it was legal to produce five to eight gallons for personal use. The record also reveals that the still was found in the basement of the appellants' house and that a fifty-five-gallon barrel of mash was found in back of the house.

■ It is important to remember that jurors do not and need not view each fact in isolation, but rather may consider the evidence as a whole. The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Bridges* v. *State, supra.* A jury may accept or reject any part of a witness's testimony, and its conclusion on credibility is binding on the appellate court. *Winters* v. *State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993).

■ It appears that the jury disbelieved Virginia's testimony with regard to the marijuana and drug paraphernalia being exclusively hers and not her husband's. The evidence presented indicates that appellants shared the master bedroom and that the marijuana, the fourteen hundred marijuana seeds, and a set of scales were found in the master bedroom closet which did not have doors. An officer testified that he could smell the strong odor of

marijuana while in the master bedroom. It is also apparent from Virginia's testimony that Michael was aware that marijuana was in the house. The record also indicates that Michael's briefcase contained cash, consisting mainly of twenty dollar bills, totalling $175. With regard to the still, Virginia admitted that Michael had acquired the still to cook mash for their friends. When all the facts and circumstances of this case are considered, we cannot say that the evidence was insufficient to support the jury's findings of guilt.

■ Next, Virginia White argues that the evidence was insufficient with regard to her conviction for possession of an illicit whiskey still. The record indicates, as previously noted, that Virginia testified that she knew about the still, and she admitted to purchasing materials for the production of beer. She argues that she had no knowledge of the still, but in her own testimony, she admits to knowing that the still was in the basement and being used to produce "mash." After reviewing Virginia's admissions to her knowledge of the still and the purchase of materials to produce the mash, we cannot say that the evidence was insufficient to support her conviction.

■ Next, appellants argue that the court erred in denying their motions to suppress the fruits of an alleged illegal search. First, appellants contend that the police were at the residence before the search warrant was served. After reviewing the record, it does not appear that appellants made this argument below. We do not address issues raised for the first time on appeal; therefore, we will not address this issue. *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).

■ Second, appellants argue that the affidavit in support of the search warrant was defective because it did not contain factual statements to support a finding of reasonable cause. In reviewing a trial court's ruling on a motion to suppress because of an alleged insufficiency of the affidavit, we make an independent determination based upon the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Thompson v. State*, 42 Ark. App. 254, 856 S.W.2d 319 (1993). On appeal, we view the facts most favorably to the state as appellee. *King v. State*, 314 Ark. 205, 862 S.W.2d 229 (1993).

The record reveals that the affidavit in support of the search warrant and sworn testimony of two officers, who testified before the issuing magistrate, provided the information in support of the search warrant. The affidavit provides that:

> I have conducted an ongoing investigation for over one year regarding marijuana cultivation at this property, and received information from two sources that they had been in this residence, and witnessed marijuana plants being grown or seen packaged marijuana. I have. conducted background investigations into Mr. White[']s activities prior to moving to Arkansas, and found he had been placed on federal probation for counterfeit money and had past charges of delivery of cocaine in Oklahoma City, Oklahoma. I have also conducted many hours of surveillance and personally witnessed known drug users and dealers coming and going from this residence. I also subpoenaed electrical service records for this residence, and a usage trend was developed that indicates heavy usage during the period lights were left on in the suspected growing area of the residence, and while the residence was under surveillance. Also, during 1991, over six hundred (600) marijuana plants were located within one mile of this residence on federal land.

Officer Bill Nelson testified, before the issuing magistrate, that he received information in February 1991 that there was a marijuana growing operation within the. lower level of appellants' residence. He said that he went out at that time and observed bright lights on with curtains drawn over this lower level of the house, and he made numerous trips to the house and the lights were left on during the night and during the daytime. Officer Nelson testified that he then began a background investigation on Michael White and learned of Michael's previous record. According to Officer Nelson, this led him to believe that the information he had received was correct and that there was a good chance that there was a growing operation. Officer Nelson further stated that during this time the appellants began building an expensive green house addition on the side of their house; and during the surveillance period, the window curtains came down and the lights went off; and shortly thereafter, the officers found 600 marijuana plants located within a mile of appellants' house which had been transplanted on federal land. Officer Nelson added that

he obtained the electrical usage records for appellants' house for the periods of 1990 and 1991 which indicated high consumption during the surveillance period. Officer Nelson concluded by testifying that he personally observed known drug users and drug dealers coming and going from appellants' residence.

Officer Mike Oglesby also testified before the issuing magistrate. He said that a concerned citizen called him and asked to meet him. Officer Oglesby stated that the citizen had been to Michael's house on business and observed a large baggy that appeared to contain marijuana. Immediately after leaving appellants' house, the citizen phoned Officer Oglesby. Officer Oglesby testified that he knew the individual and found him to be a reliable, responsible individual in the community and that he did not doubt what the citizen told him.

The magistrate specifically asked the officers if anything had happened within the last thirty days that would lead them to believe that there was the possibility of manufacturing or distribution going on in appellants' residence. Officer Oglesby responded that approximately two to three weeks ago, his deputies were in the area working burglaries and in the process they saw people who they knew to be drug users and dealers at the residence of appellant. Officer Nelson added that he was able to positively identify the individuals who had been at appellants' residence and those individuals had been arrested, charged and convicted of violations of the Arkansas Controlled Substances Act. Based on this information, Officer Oglesby and Nelson believed that a new investigation should be conducted or the 1991 investigation should be renewed. Therefore, they continued their ongoing surveillance of appellants' residence and observed the construction of a large greenhouse.

■ Appellants contend that the information used in support of the affidavit was stale. If, because of delay in applying for a warrant, the information in the affidavit is stale, probable cause may be diminished. However, the delay is not considered separately, but the length of the delay is considered together with the nature of the unlawful activity and in the light of common sense. *Cardozo & Paige v. State*, 7 Ark. App. 219, 646 S.W.2d 705 (1983).

In this case, Officer Nelson testified that they had been conducting an ongoing investigation for over one year. He also stated that they began their surveillance of appellant's residence in 1991. Electrical usage records were also produced which displayed appellants' usage up until May of 1991. Also, Officer Oglesby testified that within the last two to three weeks known drug users and drug dealers had been observed at appellants' residence. Officer Nelson also noted that the construction of the greenhouse was underway.

After reviewing all the evidence presented and based on the totality of the circumstances, we cannot say that the trial court's denial of appellants' motion to suppress was clearly against the preponderance of the evidence.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. Although I do not disagree with the majority's statement of the applicable law, I must respectfully dissent because I cannot find the evidence sufficient to support Mr. White's convictions for possession of marijuana and possession of drug paraphernalia. I believe that the evidence fails to show additional facts and circumstances linking him to the contraband. Under circumstances indicating joint occupancy, the State had to prove that the accused exercised care, control, and management over the contraband and that he knew the matter possessed was contraband. *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990); *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

In *Denton* v. *State*, 290 Ark. 24, 716 S.W.2d 198 (1986), our Supreme Court required evidence, other than the joint occupancy by the appellant of the bedroom in which the contraband was found, to link the appellant to the contraband. The Court in *Denton* found a report of an electronic surveillance of a drug buy that implicated the appellant sufficient to provide the additional link between the appellant and the contraband found in the master bedroom jointly occupied by the appellant and his wife. In other cases, additional factors found sufficient to link the accused to the contraband have included: previous sales or controlled drug buys made at the premises, incriminating statements or suspi-

cious behavior by the accused, attempts to destroy or conceal evidence, use of the contraband by the accused, contraband found on the accused's person, close proximity of the contraband to the accused and the fact the contraband was in plain view. *See Jacobs* v. *State*, 317 Ark. 454, 878 S.W.2d 734 (1994); *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994); *Pyle* v. *State*, 314 Ark. 165, 862 S.W.2d 823 (1993), *cert denied* 114 S. Ct. 1306 (1994); *Nichols* v. *State*, 306 Ark. 417, 815 S.W.2d 382 (1991); *Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459 (1991); *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123, *cert denied* 474 U.S. 1006 (1985); *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976).

There were no such additional facts or circumstances in the case at bar. Although Mrs. White testified that her husband was aware that she smoked the marijuana, knowledge alone is not sufficient to prove constructive possession. Here, there was no evidence that the appellant exercised care, control and management over the contraband. The appellant was not present when the officers searched the house, there was no contraband found on his person when he was arrested, and there was no evidence that he used the contraband. Although there was marijuana and paraphernalia found in the master bedroom closet, there was no testimony as to who used the closet or if there were both male and female types of clothing in it. Officer Hubbard only testified that both the appellants' clothing were found in the bedrooms of the house. Mrs. White testified that her husband did not use the closet in which the contraband was found. She stated that he kept his clothes on a rack on his side of the bedroom and introduced photographs to support this contention. As to the marijuana found in the jacket in the living room, there was no testimony as to whether it was a man's or a woman's jacket. Ms. White admitted that the marijuana and paraphernalia were hers and that she was the only one who used them. *See Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978). I submit that the evidence in this case fails to show that Mr. White constructively possessed the marijuana and drug paraphernalia and is insufficient to support his convictions on those counts. *See also Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982); *Ravellette* v. *State, supra.*

I would reverse and dismiss Mr. White's convictions for possession of marijuana and drug paraphernalia.