Alexander NEWBORN *v.* STATE of Arkansas

CA CR 04-989                                          210 S.W.3d 153

Court of Appeals of Arkansas
Opinion delivered June 15, 2005

*Alan LeVar,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. Appellant, Alexander Newborn, challenges the revocation of his probation alleging that the court erred in finding that he was in possession of a firearm. Based upon that finding, the trial court found appellant guilty of violating the terms of his probation by being in possession of a firearm and sentenced him to twenty years' imprisonment in the Department of Corrections on his prior conviction for residential burglary and six years on a prior conviction for terroristic threatening. The sentences were to run concurrently.

In revocation proceedings, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. Ark. Code Ann. § 5-4-309(d)

(Supp. 2003). Evidence that may not be sufficient to convict can be sufficient to revoke due to the State's lower burden of proof. *Bradley v. State*, 347 Ark. 518, 521, 65 S.W.3d 874, 876 (2002). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 383, 836 S.W.2d 861, 862 (1992).

Under these facts and circumstances, we cannot say that the trial court clearly erred by concluding that appellant possessed at least one of the shotguns found in the trunk of the car in which he was a passenger.

At the revocation hearing, Officer Tina Pomaybo testified that on November 30, 2002, she was the back-up officer for Officer Tracy Copeland who made a traffic stop on the car in which appellant was riding in the front-passenger seat. There was an odor of burning marijuana, the officers found marijuana, and the driver claimed possession of the drug. The driver did not have a valid driver's license and was being taken to jail for the marijuana possession, so the officers conducted an inventory of the car. The officers found two shotguns in the trunk during the inventory search. Officer Pomaybo testified that she could not recall finding any ammunition.

Appellant was released after telling the officers that one gun belonged to his father. According to Officer Pomaybo, appellant stated that he was going hunting, there were items of hunter's orange in the vehicle that appellant retrieved, and appellant was wearing a Carhart jumpsuit typically worn while hunting to keep warm. The officers were not aware at the time of the incident that appellant was on probation. Officer Pomaybo testified that she did not know to whom the car belonged, but she believed that appellant did not own the car.

In order to prove possession of contraband, the State does not have to establish actual physical possession. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). It may prove constructive possession, that is the control or right to control the contraband. *See Bridges v. State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994). Constructive possession can be established by circumstantial evidence, *see Polk, supra,* and may be implied when the contraband is in the joint control of the defendant and another, but joint occupancy alone is insufficient to establish possession. *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001). When the State relies

upon constructive possession, it must provide additional facts and circumstances indicating the defendant's knowledge and control over the contraband. *White v. State*, 47 Ark. App. 127, 886 S.W.2d 876 (1994).

Appellant maintains that, in order for the State to prove constructive possession, the State had to show that he had dominion and control over the vehicle and was required to demonstrate at least a reasonable inference that he had knowledge of the contraband. *See Walker v. State*, 77 Ark.App. 122, 72 S.W.3d 517 (2002) (requiring a reasonable inference of the knowledge of the contraband); *Boston v. State*, 69 Ark. App. 155, 112 S.W.3d 245 (2000) (reversing where contraband was found in the suitcase of the defendant's car, but the State failed to demonstrate that the defendant had knowledge of the contents of the suitcase). Appellant maintains that the State failed to prove that he had any knowledge that the shotgun was in the trunk of his car. He notes that he was not present when the vehicle was searched, the keys were not found on his person or at his home, and there was no evidence that he had recently driven the vehicle or had any recent contact with the vehicle.

However, appellant's argument must fail. First, it is not necessary for the State to prove literal physical possession of contraband in order to prove possession. *See Polk v. State, supra.* The State can prove that appellant had constructive possession of contraband by proving that he controlled the contraband or had the right to control the contraband. *Id.* (affirming simultaneous possession charge where cocaine was found in plastic bag sticking out above sun visor on driver's side and the handgun was found underneath rear passenger-side floor mat of the car, and the defendant was the sole occupant of borrowed car that he was driving); *Cherry v. State*, 80 Ark. App. 222, 95 S.W.3d 5 (2003) (affirming simultaneous possession charge where firearm was found in the defendant's kitchen next to items used to manufacture methamphetamine).

In this case, Appellant's uncle, William Harris, testified that appellant had sold him a shotgun, but that the gun had never been delivered to him. This fact coupled with testimony that appellant stated that he was going to deer camp, the hunter-orange clothing, Carhart jumpsuit, and testimony regarding ownership and possession of the shotgun provide the facts and circumstances indicating appellant's knowledge and control over the gun.

Additionally, appellant testified at trial that when stopped on November 30, 2002, he did not know that the gun was in the truck; however, Officer Pamaybo testified that appellant told her that the weapons in the trunk belonged to his father. In conducting our review, this court defers to the circuit court's determinations as to the credibility of the witnesses who testify at the revocation hearing. *Bradley*, 347 Ark. at 521, 65 S.W.3d at 876. Therefore, we find the trial court did not err in revoking appellant's probation.

Affirmed.

VAUGHT, CRABTREE, BIRD and ROAF, JJ., agree.

HART, GLADWIN, GRIFFEN, and GLOVER, JJ., dissent.

WENDELL GRIFFEN, Judge, dissenting. I would reverse the revocation of appellant's probation. Even on a preponderance standard, the State failed to prove that he constructively possessed either of the shotguns that were in the trunk of the vehicle owned and driven by Richard McClure, in which appellant was a passenger. While the State may prove possession by showing that appellant controlled a gun or had the right to control it, *Polk v. State*, 348 Ark. 446, 73 S.W.2d 609 (2002), the State failed to do so here.

The evidence cited by the majority to support that appellant controlled a firearm was that appellant was wearing Carhart clothing used by hunters, that he possessed hunter-orange clothing, that he admitted that he was going hunting, and that he admitted that one of the shotguns in the trunk of McClure's car belonged to his father. However, it cannot be said that appellant possessed the hunter-orange clothing. Appellant denied that he had any hunter-orange clothing in his possession, and Officer Tina Pomaybo admitted during her rebuttal testimony that she saw the driver of the vehicle, McClure, retrieve the hunter-orange vest from his vehicle.

Moreover, the remaining evidence does not show appellant's ownership of the weapon or the right to control it, but merely tends to show that appellant knew the gun was in the trunk. Certainly appellant's knowledge that his father's gun was in the trunk is not sufficient, even on a preponderance standard, to support a finding that he controlled the gun or had the right to control it.

Additionally, the cases cited by the majority are inapposite because the facts in those cases constituted much stronger proof to support constructive possession. In *Polk v. State, supra*, the defen-

dant was the sole occupant of the borrowed car he was driving, the drugs were found on the inside of the car, above the driver's side visor, and the gun was found underneath the rear passenger floor mat of the car. In *Cherry v. State*, 80 Ark. App. 22, 95 S.W.3d 5 (2003), a simultaneous-possession case, the firearm was found in the defendant's kitchen next to items used to manufacture methamphetamine.

Here, unlike the *Polk* defendant, appellant was not in possession of the vehicle, much less sole possession of the vehicle, which was being driven by the owner. Appellant was merely a passenger in the front seat. There was no evidence presented to support that the gun belonged to appellant, only that one of the guns in the trunk belonged to appellant's father. Moreover, the gun was not found in the interior of the car, where it would have been readily accessible to appellant. Instead, the gun was locked in the trunk, to which appellant had no key. Thus, unlike the *Polk* defendant or the *Cherry* defendant, the gun here was not found in a place to which appellant had joint access, much less exclusive access. How then, can it be said that he owned or had the right to control the weapon?

In short, I cannot join the majority in holding that appellant possessed the gun where the gun, which did not belong to him, was locked in the trunk of another person's car that was being driven by the owner and in which appellant was a mere passenger, and where appellant had no access to the gun because he had no keys to the trunk of the car and no means to control the car or its contents. I respectfully dissent.

I am authorized to state that Judges HART, GLADWIN, and GLOVER join in this dissent.