

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-831

| | | |
|---|---|---|
| JAMES MOSLEY, JR.<br><br>V.<br><br>STATE OF ARKANSAS | APPELLANT<br><br><br>APPELLEE | **Opinion Delivered** August 24, 2016<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2005-334B]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

On February 3, 2006, James Mosley, Jr., pleaded guilty to two counts of possessing a controlled substance with intent to deliver; he was sentenced to 216 months' imprisonment on the first count and 120 months' suspended imposition of sentence on the second count. The conditions of his suspension included a requirement that he "live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law." On December 30, 2014—after he was released on parole—the State filed a petition to revoke suspension, alleging in part that he had violated its conditions by committing kidnapping, aggravated assault, possession of firearm by a felon, and third-degree battery. At the conclusion of a revocation hearing, the court granted the petition to revoke and sentenced Mosley to 144 months in the Arkansas Department of Correction. He timely appeals the resultant sentencing order entered on June 16, 2016.

Mosley contends that the circuit court erred in finding that he violated terms of his

suspension. He argues that the court failed to specify which criminal acts were proven and that the State failed to offer sufficient proof of the presence of physical injury, an element of third-degree battery. The State responds that the record belies Mosley's claim regarding the circuit court's failure to specify which criminal acts were proven and that, as the court specifically found, the State proved by a preponderance of the evidence that crimes had been committed. The State asserts that any degree of assault, battery, false imprisonment, or possession of a firearm by a felon was a sufficient basis for revocation. We affirm.

In order to revoke a probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). Thus, to sustain a revocation, the State need show only that the defendant committed one violation. *Prackett v. State*, 2014 Ark. App. 394, at 2.

Evidence that may not be sufficient to convict can be sufficient to revoke due to the lower burden of proof required for revocation. *Newborn v. State*, 91 Ark. App. 318, 210 S.W.3d 153 (2005). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Boyd v. State*, 2014 Ark. App. 336. An appellant need not move for dismissal in a revocation proceeding in order to challenge the sufficiency of the evidence on appeal. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001).

SLIP OPINION

Teenagers Atwann Stinnett and Carrell White testified that on December 16, 2014, they were met outside a house by a man and were brought inside, where they were held while Mosley—armed with a silver and black automatic gun—asked who was responsible for a burglary of his "stuff." They testified that Mosley hit, slapped, and kicked Stinnett until he agreed to lead Mosley to the person responsible; that the two of them were in the house about an hour and a half; and that, without being released and while en route to another location, they escaped. Stinnett testified that his face was bruised and scratched by Mosley, who threatened that he or one of his "home boys" would take Stinnett to the country and kill him. Mosley testified in his own defense; he denied holding Stinnett and White in the house, having a gun, threatening to kill or batter Stinnett, or doing anything more than talk to them about the missing $3000 and televisions.

The circuit court, stating that the case came down to credibility, found that the teenagers testified fairly consistently about what had happened and that nothing suggested a reason for them to lie. Noting testimony "that the gun was being waved at the same time there were threats" and that Mosley threatened to take Stinnett out and kill him, the court discounted Mosley's own testimony that he simply talked to Stinnett and White and that they came and left voluntarily. It found by the preponderance of evidence "that these two young men were falsely imprisoned at the very least, that there was an assault upon them, that Mr. Mosley was in possession of a firearm as a [felon], and that he did commit battery in the third degree." On this basis, the court granted the petition to revoke.

A person commits assault in the third degree if he or she purposefully creates

3

apprehension of imminent physical injury in another person. Ark. Code Ann. § 5-13-207 (Repl. 2013). An individual commits battery in the third degree when, with the purpose of causing physical injury to another person, the individual causes physical harm to any person. Ark. Code Ann. § 5-13-203(a)(1). A person commits false imprisonment in the second degree if without consent and lawful authority, the person knowingly restrains another person so as to interfere substantially with the other person's liberty. Ark. Code Ann. § 5-11-104(a). Additionally, it is unlawful for an individual convicted of a felony to possess a firearm under Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016). *See also Pratt v. State*, 2011 Ark. App. 185, at 1 (stating that "although evidence may be insufficient in a probation-revocation proceeding to sustain an allegation that appellant committed a specific offense, revocation will be sustained if the evidence establishes a lesser-included offense").

Here, the conditions of Mosley's suspension required that he not violate any laws. We cannot say that the circuit court clearly erred in finding by a preponderance of the evidence that Mosley committed the crimes of false imprisonment, assault, possession of a firearm as a felon, and battery in the third degree. Thus, we affirm the revocation of his suspension.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Bryan Donaldson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.