N. MARK KLAPPENBACH, Judge
Appellant Sherita King appeals the May 10, 2017 sentencing order issued by the Pulaski County Circuit Court that revoked her probation. The trial court based its decision to revoke on a district court docket sheet showing that King pleaded guilty to the misdemeanor charge of public intoxication. King argues on appeal that the trial court erred in refusing to dismiss the revocation petition because the docket sheet did not demonstrate that her guilty plea was made while represented by defense counsel. We reverse and dismiss.
King was originally placed on probation in 2011 for being in possession of PCP, which is the drug phencyclidine.[1] One of the conditions of her probation was that *408 she not violate any federal or state law. On September 30, 2016, King was arrested in North Little Rock and charged with public intoxication. On October 3, 2016, the State filed a petition to revoke her probation based on that violation. In hearings conducted in November 2016 and January 2017, King told the circuit court that she had "pled guilty" to the public-intoxication charge and that she was represented by a "public defender." King could not remember the name of the attorney, but her defense counsel stated that it "should have been Terry Ballard."
At the revocation hearing conducted in March 2017, the State entered into evidence the North Little Rock District Court docket sheet as proof of her guilty plea to public intoxication. The docket sheet documented that King was charged with public intoxication on September 30, 2016; that on the same date King was released from jail on her own recognizance; that on October 4, 2016, King pleaded guilty and the trial court found her guilty; and that District Judge Jim Hamilton sentenced her to "Fine Plus Court Cost And Fines Given Credit Time Served." The docket noted the presence of Lauren Eldridge on behalf of the prosecutor, but it was silent as to whether King was represented by counsel.
At the revocation hearing, the State did not make reference to any of the comments that King had made in earlier hearings about the public-intoxication matter, nor did the State ask the trial court to take judicial notice of those prior comments. The State did not present testimonial or other evidence to prove that King was, in fact, guilty of public intoxication. King did not testify. Defense counsel argued to the trial court that it should dismiss this revocation petition because there was no proof that King had been represented by counsel when she entered the guilty plea in district court. The trial court rejected defense counsel's argument, remarking that it was left with the State's exhibit showing a district court finding of guilty, from which King had not appealed. The trial court acknowledged, however, that the docket sheet was "silent" so that it had no idea whether King had been represented at the district court proceedings. The trial court granted the State's petition to revoke, and King was sentenced to three years of supervised probation with random drug screens. This timely appeal followed.
The law on this topic is well settled. In order to revoke a probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2017). Thus, to sustain a revocation, the State need show only that the defendant committed one violation. Prackett v. State , 2014 Ark. App. 394, 2014 WL 3642214. Evidence that may not be sufficient to convict can be sufficient to revoke due to the lower burden of proof required for revocation. Newborn v. State , 91 Ark. App. 318, 210 S.W.3d 153 (2005). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance *409 of the evidence. Id. Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. Mosley v. State , 2016 Ark. App. 353, 499 S.W.3d 226.
King argues on appeal that her probation could not be revoked on the basis of her guilty plea to public intoxication absent proof that she was either represented by counsel or waived her right to counsel at the district-court level. King relies on Alexander v. State , 258 Ark. 633, 527 S.W.2d 927 (1975), as controlling authority on that point. In Alexander , the Arkansas Supreme Court held that:
[A]n uncounseled municipal court conviction cannot be used for the purpose of revoking a suspended sentence as the net effect thereof is "the actual deprivation of a person's liberty" without "the guiding hand of counsel." Of course, this does not mean that the responsible officials cannot show that the facts giving rise to the municipal court conviction are sufficient themselves to revoke the suspended sentence.
Alexander v. State , 258 Ark. 633, 637, 527 S.W.2d 927, 930 (1975). The State responds that King stated in an earlier hearing that she had been represented by a public defender when she pleaded guilty in district court, so "that should end the matter." The State further argues that this situation is akin to using uncounseled misdemeanor convictions for purposes of enhancing a sentence, which is permitted under Arkansas law. See Davis v. State , 330 Ark. 76, 953 S.W.2d 559 (1997). We hold that King has presented reversible error in this case.
Our court has recognized the principles of law recited in Alexander. See , e.g. , Aikens v. State , 2014 Ark. App. 168, 2014 WL 988920 ; Dugan v. State , 2009 Ark. App. 402, 2009 WL 1406653 ; Haley v. State , 96 Ark. App. 256, 240 S.W.3d 615 (2006). In Aikens , the district court's judgment contained a notation that Aikens was advised of his right to an attorney and waived that right with a signed waiver; thus, our court held that in reviewing the subsequent revocation based on that conviction, the "record [was] not silent" on the issue of whether this was an uncounseled municipal court conviction. Aikens, supra , at 2. In Dugan , considering the same argument in an appeal of a revocation proceeding, our court held that the State had met its burden by the alternative method of presenting evidence of the facts giving rise to the district court conviction, which was sufficient to revoke. In Haley , considering the same argument in an appeal of a revocation proceeding, our court held similarly that the State had presented evidence of the facts giving rise to the district court conviction sufficient to revoke.
In the present appeal, the State did not present any evidence at the revocation hearing to support that King was guilty of the misdemeanor crime of public intoxication other than the docket sheet showing the guilty plea. The district court docket sheet is silent on whether King was represented by counsel when she pleaded guilty in district court. The State failed to "show that the facts" supported that King was guilty of public intoxication, even by a preponderance standard. We must follow the precedent set by our supreme court, and we are powerless to overrule its decisions. Williams v. State , 2013 Ark. App. 179, 2013 WL 1010411.
We hold that the trial court erred in denying King's motion to dismiss the State's petition to revoke her probation.
Reversed and dismissed.
Virden and Harrison, JJ., agree.

King repeatedly violated the terms of her probation and was repeatedly placed back on probation, leading to the most recent revocation. The first revocation petition filed by the State in 2012 alleged that King had used PCP multiple times in late 2011 and early 2012. In mid-June 2012, King requested and was granted a transfer of her criminal case to Post-Adjudication Court, commonly known as drug court. See Ark. Code Ann. §§ 16-98-301 et seq. (Repl. 2016). "[A] drug-court program is analogous to probation." Neal v. State , 2016 Ark. 287, at 12, 497 S.W.3d 666, 673. The Arkansas Drug Court Act requires that drug-court programs include "ongoing judicial interaction with each participant." Ark. Code Ann. § 16-98-302(b)(7). King ultimately pleaded guilty to being in violation of her conditions of probation as alleged in the 2012 petition, and the trial court placed King back on probation. King violated her probation conditions again in 2013 by using PCP, which led to the trial court's placing her on probation again in 2014.