Cite as 2019 Ark. App. 363

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–19–80

| | | |
|---|---|---|
| DONSHADRIC BOYD | APPELLANT | **Opinion Delivered:** September 11, 2019 |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-13-356] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ALEX GUYNN, JUDGE |
| | | REVERSED AND DISMISSED |

## RAYMOND R. ABRAMSON, Judge

Donshadric Boyd appeals the Jefferson County Circuit Court order revoking his probation. On appeal, Boyd argues that the circuit court erred by denying his motion to dismiss the petition and allowing testimony that violated his rights under the Confrontation Clause. We reverse and dismiss.

On October 11, 2016, Boyd pled guilty to unlawful dogfighting. He was sentenced to thirty-six months' probation. On May 3, 2018, the State filed a petition to revoke Boyd's probation, and on September 11, the court held a revocation hearing. At the hearing, Collin Frierson, Boyd's probation officer, testified that Boyd had violated his probation on January 21, 2017, when he committed the offense of driving while intoxicated (DWI) in Desha County. Boyd objected to Frierson's testimony and argued

that Frierson could not testify about the DWI because he did not arrest Boyd and had no knowledge of the arrest. The court overruled Boyd's objection.

The State then moved to introduce the Dumas District Court docket sheet to prove Boyd's DWI conviction. Boyd objected and argued that pursuant to *King v. State*, 2018 Ark. App. 278, 549 S.W.3d 407, the State could not rely on an uncounseled misdemeanor to revoke probation. The State requested time to research the case, and the court responded that it would delay ruling on the issue but that the case would not "change [its] opinion on which way . . . to rule." The court did not admit the docket sheet into evidence.

Boyd then moved to dismiss the petition. He asserted that the State offered no proof that he committed a DWI offense and thus violated a condition of his probation. The court denied the motion and revoked Boyd's probation. He was sentenced to thirty-six months' probation. This appeal followed.

In order to revoke a probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2017). Thus, to sustain a revocation, the State need only show that the defendant committed one violation. *Prackett v. State*, 2014 Ark. App. 394. Evidence that may not be sufficient to convict can be sufficient to revoke due to the lower burden of proof required for revocation. *Newborn v. State*, 91 Ark. App. 318, 210 S.W.3d 153 (2005). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of

2

credibility and weight to be given testimony, we defer to the superior position of the circuit court to decide these matters. *Mosley v. State*, 2016 Ark. App. 353, 499 S.W.3d 226.

On appeal, Boyd first argues that the circuit court erred by denying the motion to dismiss the petition because the State presented no proof that he committed the DWI offense. He acknowledges that Frierson testified that he had a DWI conviction from the Dumas District Court, but he points out that Frierson had no direct knowledge of his arrest or the facts surrounding it. He further relies on *King*, 2018 Ark. App. 278, 549 SW.3d 407, and asserts that an uncounseled municipal court conviction cannot be used to revoke probation.

In *King*, this court reversed a circuit court's revocation of a defendant's probation that was based solely on a misdemeanor conviction. *Id.* The record was silent on whether counsel represented the defendant when she pled guilty in district court, and the State presented no evidence of the facts giving rise to the conviction. *Id.* Specifically, we relied on our supreme court's decision in *Alexander v. State*, 258 Ark. 633, 527 S.W.2d 927 (1975):

> [A]n uncounseled municipal court conviction cannot be used for the purpose of revoking a suspended sentence as the net effect thereof is "the actual deprivation of a person's liberty" without "the guiding hand of counsel." Of course, this does not mean that the responsible officials cannot show that the facts giving rise to the municipal court conviction are sufficient themselves to revoke the suspended sentence.

*King*, 2018 Ark. App. 278, at 4, 549 S.W.3d at 409 (quoting *Alexander*, 258 Ark. at 637, 527 S.W.2d at 930).

3

In this case, we agree with Boyd that the evidence is insufficient to show that he committed a DWI offense and thus violated his probation. Here, the record is devoid of any evidence of Boyd's DWI. The docket sheet was never admitted into evidence. The State asserts that the probation officer's testimony is sufficient to support the revocation. We disagree. The officer had no knowledge of the facts giving rise to the district court conviction; he merely testified that Boyd had been convicted. Accordingly, we hold that the circuit court erred by denying Boyd's motion to dismiss the State's petition to revoke his probation, and we reverse. Because we find that the evidence is insufficient to support revocation, we need not address Boyd's Confrontation Clause argument.

Reversed and dismissed.

HIXSON and MURPHY, JJ., agree.

*Hancock Law Firm*, by: *Sharon Kiel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.