Cite as 2019 Ark. App. 494

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-208

| | | |
|---|---|---|
| | | **Opinion Delivered** October 30, 2019 |
| JESSE LAMB | | |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-11-17] |
| STATE OF ARKANSAS | | HONORABLE PAMELA |
| | APPELLEE | HONEYCUTT, JUDGE |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Jesse Lamb appeals the Craighead County Circuit Court's finding that he violated the conditions of his probation. On appeal, he argues that the State failed to prove that his failure to comply with the conditions was willful. We affirm.

In a criminal information filed 14 January 2011, Lamb was charged with breaking or entering. He pled guilty, and in April 2012, he was sentenced to five years' probation. In June 2014, the State petitioned to revoke Lamb's probation, asserting that he had violated the conditions of his probation by using drugs, failing to report residence changes, and failing to pay fines as ordered. Lamb pled guilty to violating his probation and in April 2015 was sentenced to three years' probation.

On 28 February 2018, the State petitioned to revoke Lamb's probation, contending that he had violated the conditions of his probation by failing to report, failing to pay supervision fees, and failing to pay fines as ordered. Due to a transfer and reassignment of

criminal cases within the Craighead County circuit courts and two continuances requested by the defense in May and August 2018, the circuit court did not convene a hearing until 28 November 2018.

Tammy Hubble, the staff accountant for the Craighead County Sheriff's Department, testified that Lamb's initial balance in March 2012 was $506, that a $50 payment had been made on 2 November 2018, and that Lamb's current balance was $456. Ryan Jones, Lamb's probation officer, testified that Lamb was a "frequent absconder" and that he was not current on his supervision fees. Jones said Lamb currently owed $362 in supervision fees.

Lamb testified that he had not made any payments until November 2018 because he had just started receiving disability benefits for autism. He said he received $756 a month and planned to make payments of $100 a month going forward. He also stated that his failure to report to his probation officer was due to "transportation problems." On cross-examination, he agreed that he had been on some form of assistance or disability and had been receiving survivor's benefits since he was a child but that his mother had been the payee on the checks and "[s]he spends all [his] money on alcohol, and [he] had to finally get the check in [his] name so that [he] could make the payments."

The circuit court found that the State had "clearly met its burden of proof" and that Lamb had not complied with the conditions of his probation "apparently from the beginning." Lamb was sentenced to three years' imprisonment with an additional three years' suspended imposition of sentence. He has timely appealed.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2017). To sustain a revocation, the State need only show that the defendant committed one violation. *Prackett v. State*, 2014 Ark. App. 394. Evidence that may not be sufficient to convict can be sufficient to revoke due to the lower burden of proof required for revocation. *Newborn v. State*, 91 Ark. App. 318, 210 S.W.3d 153 (2005). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the circuit court to decide these matters. *Mosley v. State*, 2016 Ark. App. 353, 499 S.W.3d 226.

When the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). Factors to be considered in determining whether to revoke a probation or suspension for failure to pay include the defendant's employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and other special circumstances. Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2017). Once the defendant claims the inability to pay, the State can then undermine his credibility, show lack of effort, or show that he is spending money on something nonessential or illegal. *Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375.

On appeal, Lamb argues that the circuit court failed to articulate any analysis on whether his failure to pay was willful and that he had met his burden of offering a reasonable excuse for nonpayment—the fact that his mother was the payee on his disability checks. He argues that the State "failed to show that this excuse for non-payment was not reasonable." The State counters that Lamb's own testimony was the only evidence to support his contention that he could not make payments because his mother was the payee on his disability checks and bought alcohol with his money. And the credibility of Lamb's testimony was an issue for the circuit court to decide. *Mosley*, *supra*.

We hold that the circuit court's decision to revoke for nonpayment was not clearly against the preponderance of the evidence. The court exercised its role as the finder of fact and made a credibility determination regarding Lamb's explanation for nonpayment. Because only one ground is needed to support revocation, we need not address Lamb's failure to report. *Prackett*, *supra*.

Affirmed.

KLAPPENBACH and SWITZER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.